UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ALFONSO JEFFERSON,

     Petitioner,

v.                                   CASE NO. 8:14-CV-1277-T-27TGW
                                  CRIM. CASE NO. 8:06-CR-108-T-27TGW


UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), and memorandum of law in support of the Section 2255 motion (CV Dkt. 2). Petitioner challenges his enhanced sentence as a career offender on the ground that his prior state convictions for sale of cocaine and possession of cocaine with intent to sell or deliver under Fla. Stat., Section 893.13, and for resisting arrest with violence under Fla. Stat., Section 843.01, are neither "crimes of violence" nor "controlled substance offenses" as defined in the United States Sentencing Guidelines,[1] and

---

[1] § 4B1.1 of the Guidelines provides in pertinent part that:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

A "crime of violence" is defined in § 4B1.2(a) of the Guidelines as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–

  (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
  (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

therefore were incorrectly counted as predicate offenses for his career offender status. After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings,[2] it is apparent that the Section 2255 motion is due to be summarily dismissed because it plainly appears from the motion and record of prior proceedings that the motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

## PROCEDURAL BACKGROUND

On September 25, 2006, Petitioner pleaded guilty, pursuant to a plea agreement, to Count One of the Indictment which charged Petitioner with conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§846 & 841(b)(1)(A)(ii) (CR Dkts. 9, 181, 183). On December 11, 2006, Petitioner was sentenced as a career offender to two hundred sixty-two (262) months imprisonment to be followed by five years of supervised release (CR Dkts. 262, 265).

Petitioner did not file a direct appeal. Petitioner filed his Section 2255 motion in May 2014 (CR Dkt. 407; CV Dkt. 1).

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336

---

A "controlled substance offense" is defined in § 4B1.2 of the Guidelines as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

[2]Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

(11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

The Judgment in Petitioner's criminal case was entered on December 13, 2006 (CR Dkt. 265). Because Petitioner did not file a direct appeal, his judgment of conviction became "final" under § 2255(f)(1) ten business days later on December 28, 2006.[3] *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (2004) (allowing a criminal defendant 10 business days after the entry of judgment to file a notice of appeal). Petitioner therefore had one year from that date, December 28, 2007, to file his Section 2255 motion. He did not file the Section 2255 motion until May 2014, more than six years after the limitation period expired. Consequently, Petitioner's Section 2255 motion is untimely under Section 2255(f)(1).

---

[3]On September 30, 2008, the Court granted the government's Rule 35 motion to reduce Petitioner's sentence, and reduced Petitioner's sentence to 202 months imprisonment (CR Dkt. 395). The reduction of Petitioner's sentence, however, had no impact on the finality of his judgment of conviction. *See Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (reduction of sentence under Rule 35(b) has no impact on the finality of a defendant's judgment of conviction and does not alter the date on which the judgment of conviction becomes final for the purposes of § 2255(f)(1)).

Petitioner contends that he is entitled to a delayed start of the one-year limitation period under Section 2255(f)(3) based on a "substantive change in the law" in *Descamps v. United States*, 133 S. Ct. 2276 (2013). (see CV Dkt. 1 at docket p. 12; CV Dkt. 2 at docket pp. 1-4). However, the Supreme Court did not make the rule announced in *Descamps* retroactive to cases on collateral review, and therefore Section 2255(f)(3) is not applicable to Petitioner's case. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013) ("The declaration of retroactivity must come from the Justices."). And district courts have uniformly rejected the retroactive application of *Descamps. See Reed v. United States,* 2013 WL 5567703, 3 (M.D.Fla.,2013); *United States v. Chapman*, 2014 U.S. Dist. LEXIS 65907, at *10 (D. Tex. May 14, 2014) ("While no circuit court has addressed the issue, the district courts that have done so consistently hold that *Descamps* does not apply retroactively to cases on collateral review.") (citations omitted); *Harr v. United States*, 2014 U.S. Dist. LEXIS 58692, at *8 (C.D. Ill. Apr. 28, 2014) ("*Descamps* did not announce a new rule, but rather reaffirmed existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw."). Petitioner cannot, therefore, avail himself of a delayed start under Section 2255(f)(3).

Because Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), his Section 2255 motion is untimely, precluding federal review absent a demonstration of equitable tolling.[4] Petitioner, however, does not contend that he is entitled to equitable tolling. Consequently, the timeliness of Petitioner's Section 2255 motion is calculated from December 28, 2006, the date that his conviction became final. See 28 U.S.C. § 2255(f)(1). Petitioner's Section 2255 motion,

---

[4] The burden of establishing equitable tolling is on Petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). To establish equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

filed in May 2014, is time-barred, precluding federal review.

Accordingly,

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred. The **Clerk** is directed to enter judgment against Petitioner and close this case. If Petitioner can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the Section 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** on June 3rd, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copy furnished to: *Pro Se* Petitioner
                    Counsel of Record